UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HENRIETTA JOHNSON HEIR TO ETHEL MAE SMITH ESTATE,

    Plaintiff,

VS.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HO LDER OF MORGAN STANLEY HOME EQUITY LOAN TRUST 2007-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-2; et al.,

    Defendant(s).
_____/

CASE NO.: 9:20-CV-81102-AHS

## DEFENDANTS' RESPONSE TO PLAINTIFF'S AFFIDAVITS IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DEFENDANTS' MOTION FOR SANCTIONS

**COMES NOW**, Defendant(s) ALDRIDGE PITE, LLC, JENNIFER TRAVIESO, JULIA POLETTI, ANDREW SCOLARO, PAUL VICKER, ATHMA BIRJU, CHRISTOPHER T. PECK, MATHEW KALE and NUSRAT MANSOOR ("Defendants"), by and though its undersigned attorney, and hereby responds to Plaintiff's Motion for Leave to File Amended Complaint filed on December 30, 2020 and Affidavits filed on February 1, 2021 in Support of Request for Entry of Default, and moves this Court to impose sanctions in Plaintiff for failure to comply with the Court's prior order and applicable Rules of Federal Procedure, and shows:

### FACTS

This is an action for damages by Plaintiff arising out of a state foreclosure case that was dismissed. Plaintiff is seeking millions of dollars alleging that Defendants violated the SCRA,

1263-251B                      Page **1** of **6**

the Fifth Amendment to the US Constitution, 18 USC §242 and that Defendants committed fraud. Defendants initially responded by filing a Motion to Dismiss. [DE 26] Undersigned counsel provided updated contact information as counsel for the Defendant on November 4, 2020. [DE 28]

On November 13, 2020 the Court entered an Order denying Defendants' Motion to Dismiss as moot and granting Plaintiff's Motion to Amend Complaint requiring the Plaintiff to file the Amended Complaint separately by November 30, 2020. [DE 31]

Instead of filing an amended complaint pursuant to the Order, on December 30, 2020 Plaintiff filed another Motion for Leave to File Amended Complaint with an Amended Complaint. [DE 36] The December 30, 2020 Motion has not been ruled upon. Counsel for Defendants never received a copy of Plaintiff's December 30, 2020 Motion for Leave to File Amended Complaint and it appears that Plaintiff has not included undersigned counsel on any service list. It was only by reviewing the docket that undersigned counsel discovered that Plaintiff had been filing additional motions in this matter. Counsel for Defendants also discovered that Plaintiff filed "Affidavits" to default Defendants, but the "Affidavits" are not sworn and there is no evidence that Plaintiff served Defendants or undersigned counsel with the "Affidavits" for Default.

Because Plaintiff failed to comply with the Court's Order of November 13, 2020, has failed to properly serve counsel for Defendants and has improperly sought to default Defendants, Plaintiff respectfully requests that the Motion for Leave to File Amended Complaint filed on December 30, 2020 and the "Affidavits" attempting to default Defendants be stricken and that the Court issue an order for Plaintiff to show cause why she should not be sanctioned for failure to properly serve undersigned counsel and for her attempts to improperly

default Defendants, with a warning that continued violations will result in dismissal of the case.

## ARGUMENT

Defendants aver that Plaintiff's failure to comply with the Court's Order and failure to properly serve counsel for Defendants warrants the striking of her Motion for Leave to File Amended Complaint filed on December 30, 2020 and the "Affidavits" seeking default of Defendants.

On November 13, 2020 the Court entered an Order denying Defendants' Motion to Dismiss as moot and granting Plaintiff's Motion to Amend Complaint requiring the Plaintiff to file the Amended Complaint by November 30, 2020. [DE 31]   Plaintiff failed to comply with that Order and instead filed another Motion to Amend the Complaint after the November 30, 2020 deadline to file the Amended Complaint.  Plaintiff failed to move for an extension of time to comply with the Order and has failed to explain or provide any rationale for not complying with the Order.

Failure to comply with the Court's Order may result in dismissal of the case with prejudice.  *Freeze v. Secretary, Dept. of Children and Families*, 825 Fed.Appx. 666, 610 (11th Cir. 2020).  Plaintiff's failure to comply with the Order and instead file another Motion for Leave to File Amended Complaint has had the result of unnecessarily delaying this proceeding. There is no excuse for Plaintiff not to have filed the Amended Complaint separately as ordered. Accordingly, Defendants respectfully request that this Court issue an order warning of dismissal in the event Plaintiff continues to fail to comply with the Court's orders.

Rule 5(b) of the Federal Rules of Civil Procedure requires that when a party is represented by an attorney, "service under this rule must be made on the attorney unless the court orders service on the party." Fed.R.Civ.P. 5(b) (2020).  Undersigned counsel made her

appearance in this matter clear. [DE 28]   Nevertheless, Plaintiff has failed to include undersigned counsel on any certificate of service and has failed to notify undersigned counsel of her filings.  That is a direct violation of Rule 5(b) and, in conjunction with Plaintiff's improper efforts to default Defendants, indicates that Plaintiff is deliberately attempting to preclude counsel for Defendants from defending this case and is acting in bad faith.  Accordingly, Defendants request that Plaintiff's filings that were made without notice to counsel for Defendants be stricken.  See, e.g., *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F. 2d 1440, 1446 (11th Cir. 1985)(discussing the broad scope of power federal courts hold to impose sanctions upon "recalcitrant lawyer and parties litigant")

Finally, Plaintiff's effort to default Defendants via unsworn "Affidavits" is improper and in violation of Rule 55 of the Federal Rules of Civil Procedure.  Plaintiff never provided counsel for Defendants an opportunity to respond to her filings because she has not served counsel for Defendants.  In addition, she never filed or served an actual pleading (as opposed to her Motions to file amended pleadings) and, therefore, any request for a default is improper.  Fed.R.Civ.P. 55 (2020).  By filing motions without providing notice of them to counsel for Defendants and then representing to the Court that Defendants should be defaulted for failure to respond is a violation of each party's duty of candor to this Court.  Accordingly, Defendants respectfully request that this Court consider sanctions under Rule 11 why Plaintiff should not be sanctioned for this behavior by dismissing this case.

**WHEREFORE**, Defendants, , Defendant(s) ALDRIDGE PITE, LLC, JENNIFER TRAVIESO, JULIA POLETTI, ANDREW SCOLARO, PAUL VICKER, ATHMA BIRJU, CHRISTOPHER T. PECK, MATHEW KALE and NUSRAT MANSOOR, respectfully request that this Court strike Plaintiff's December 30, 2020 Motion for Leave to File Amended Complaint and Plaintiff's Affidavits filed on February 1, 2021 for defaults, and that the Court

impose sanctions and warnings as it deems appropriate for Plaintiff's failure to comply with the Court's Order of November 13, 2020, failure to provide notice to counsel for Defendants of her filings, and Plaintiff's misrepresentation to the Court that Defendants should be defaulted.

Respectfully Submitted,

**ALDRIDGE | PITE, LLP**
Attorney for Defendants'
1615 South Congress Avenue, Suite 200
Delray Beach, FL 33445
Telephone: (561) 392-6391
Facsimile: (561) 807-3148

By: _____
Allegra Knopf, Esq.
FBN: 0307660
Primary E-Mail: ServiceMail@aldridgepite.com
Secondary E-mail: aknopf@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __4__ day of February, 2021, I electronically cause the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

Tucker Perry
5720 Premier Park Drive
West Palm Beach, FL 33407

Anthoney Bradley
624 SW 12th Street
Belle Glade, FL 33440

**By E-Mail:**

Plaintiff, Henrietta Johnson Heir to Ethel Mae Smith Estate
265 NW 10th Street
Belle Glade, FL 33430
E-mail: 67hajohnson@gmail.com

Steven M. Stepper, Esq.
1615 Forum Place, Suite 200
West Palm Beach, FL 33401
E-mail: stepperlaw@aol.com

Sherrie Norton
Palm Beach County Judge Daniel T.K. Hurley Courthouse
West Palm Beach, FL 33401
E-mail: CAD-DivisionAl@pbcgov.org

Bonnie Taylor
6330 SE 41st Court
Ocala, FL 34480
E-mail: tpahokee@aol.com

By: _____
    Allegra Knopf, Esq.
    FBN: 0307660